Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Patricia Johnson

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| Patricia Johnson,<br><br>    Plaintiff,<br><br>vs.<br><br>Southwest Credit Systems, L.P.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: **SACV 13 - 00985 CBM (PLAx)**<br><br>**COMPLAINT FOR DAMAGES**<br>1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;<br>2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Patricia Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Patricia Johnson (hereafter "Plaintiff"), is an adult individual residing in Brea, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Southwest Credit Systems, L.P. ("Southwest"), is Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Southwest and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Southwest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff's ex-husband (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for a medical bill. The Debt was incurred in or around 2011. Plaintiff had divorced her ex-husband in July 1997. Plaintiff did not co-sign for the Debt.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Southwest for collection, or Southwest was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Southwest Engages in Harassment and Abusive Tactics**

12. Within the last year, Southwest contacted Plaintiff in an attempt to collect the Debt.

13. The Debtor is Plaintiff's ex-husband. Plaintiff has been divorced from her ex-husband for nearly 15 years.

14. Plaintiff had no knowledge of the Debt and was in no way associated with the Debt, and has or had no obligation to repay a Debt that was incurred long after the divorce.

15. During the initial conversation, Southwest demanded that Plaintiff pay the Debt. Southwest told Plaintiff that the Debt was incurred within the last few years. Plaintiff informed Southwest that she had been divorced from the Debtor for 15 years, and that Plaintiff was in no way responsible for the repayment of a Debt that was incurred long after their divorce. Plaintiff instructed Southwest to cease communications with her and in no uncertain expressed a complete unwillingness to pay her ex-husband's Debt.

16. Southwest ignored Plaintiff's instruction to stop communicating with her, and thereafter continued to place repeated calls to Plaintiff in an attempt to collect the Debt. Plaintiff did not answer the calls.

17. Having conducted no investigation into the veracity of Plaintiff's claim that she is not responsible for the Debt, Southwest thereafter sent a letter to Plaintiff demanding payment of the Debt.

18. In response to the letter, Plaintiff called Southwest and once again explained that she has been divorced for 15 years and was in no way associated with the Debt or the Debtor.

19. In response, Southwest demanded an immediate repayment of the Debt and continued to attempt to collect the Debt from Plaintiff. Southwest offered to reduce the balance on the Debt if she would make immediate payment.

20. Plaintiff reiterated the fact that she had no intention on paying the Debt that did not belong to her and demanded that her name be removed from the Debt. Southwest stated that it would cease collection activity only if Plaintiff provided a with divorce decree, and continued to demand payment from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

25. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30. Southwest Credit Systems, L.P., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

32. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

33. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 21, 2013        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Patricia Johnson